## TERRY BANKS v. THE STATE.

### No. 8130. Decided October 22, 1924.

#### No motion for rehearing filed.

Transporting Intoxicating Liquor—Evidence.

The evidence in this case, objected to, was clearly admissible, and the conviction is sustained.

Appeal from the District Court of Cooke County. Tried below before the Hon. C. R. Pearman, Judge.

Appeal from a conviction of transporting intoxicating liquor; penalty, two years' confinement in the State penitentiary.

*Culp, Culp & Culp,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Cooke County of transporting intoxicating liquor, and his punishment fixed at two years in the penitentiary.

Two witnesses testify for the State that on the occasion in question they saw appellant and another party with tow sacks on their backs going from the woods, and that when appellant discovered said witnesses, he and his companion proceeded to strike their tow sacks against trees and broke the containers that were in them. The State witnesses went at once to the place and found, as they testified, broken fruit jars and sacks from which whisky was dripping and running. The witnesses testified that the liquid which had been in the containers was whisky. Appellant testified that he and Roy Brackin went out in a car with Bert Morganson on the occasion in question to a point near where the officers later arrested him. There they left the car and went down in the woods and found two sacks. They picked up the sacks and started to go back over to the car and saw the officers coming, and that Roy hit his sack against a tree and told appellant to hit his, which he did. He averred that he did not

know what was in the sacks. We think the facts sufficiently supported the conclusion of the jury that appellant and his companion transported intoxicating liquor.

There is a bill of exceptions complaining of the action of the court in permitting the State's attorney to ask a witness, referring to appellant and Brackin, "Did they have any packages," to which the witness answered, "They had a sack apiece on their shoulders." We are unable to perceive how this question was leading, or how it referred to a matter that was either immaterial or irrelevant.

Another bill complains that one of said witnesses, who was asked by the State's attorney if appellant and Brackin hit the sacks against a tree, replied "The whisky, yes." We see no reasonable ground for objecting to this upon the proposition that the answer was not responsive. The witness had testified that the sacks contained whisky. By another bill of exceptions complaint is made that a witness testified that when he went up to where the sacks had been struck against a tree he smelled something that smelled like whisky.

Being of opinion that the record does not evidence any error in the trial of the case, the judgment will be affirmed.

*Affirmed.*